**SEVEN ARTS PICTURES PLC, an English Corporation; Seven Arts Pictures, Inc., a Nevada Corporation, Plaintiffs—Appellants,**

v.

**FIREWORKS ENTERTAINMENT, INC., a Canadian Corporation; Canwest Entertainment International Distribution, an Irish Corporation; Canwest Entertainment, Inc., a Canadian Corporation; Contentfilm PLC, an English Corporation, Defendants—Appellees.**

No. 06–55883.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2007.

Filed Aug. 13, 2007.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Kenneth I. Sidle, Esq., Gipson, Hoffman & Pancione, Los Angeles, CA, for Plaintiffs–Appellants.

Jeffrey S. Kravitz, Esq., for Defendants–Appellees.

Before: REINHARDT and BERZON, Circuit Judges, and SINGLETON *, Senior District Judge.

* The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

## MEMORANDUM **

Seven Arts and Fireworks dispute the copyright and distribution rights of a number of films, transferred between the two companies during a failed joint venture. They have pursued this dispute across a series of fora and in several related lawsuits.

The first of these suits, concerning whether the venture's Master Structure Agreement ("MSA") had been breached, was dismissed by the Central District of California based on a forum selection clause in the MSA that specified that all disputes relating to the agreement were to be heard in Ontario, Canada. Seven Arts' predecessor, Cinevisions, did file a breach of contract action in Ontario, but that case has not moved forward because Cinevisions has not obeyed an Ontario court order requiring it to post security for costs.

Instead, Seven Arts filed this copyright infringement action in the Central District of California. Seven Arts acknowledges that it possesses the copyrights in question only if both the MSA and separate transfer agreements for each film, which would otherwise give ownership to Fireworks, are unenforceable. Judge Collins held the copyright action before us today inextricably related to the Canadian contract action. In light of that pending action, she stayed the copyright case on August 16, 2005 under the doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Seven Arts did not appeal this order.

Instead, Seven Arts waited until the Canadian court had refused to discontinue that case to file a motion to "remove" the *Colorado River* stay on January 24, 2006.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Judge Collins denied this motion as meritless on February 17, 2006. Again, Seven Arts did not timely appeal. On May 22, 2006, Seven Arts filed a second motion to remove the stay. Judge Collins characterized the motion as "essentially request[ing] reconsideration" of her two earlier orders, and held that Seven Arts had presented no proper basis for such reconsideration, instead simply rehashing its prior arguments. She therefore denied the motion on June 5, 2006.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell,* —— U.S. ——, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). Seven Arts filed its notice of appeal on June 14, 2006, timely only with regard to the June 5, 2006 order declining reconsideration. The propriety of that order is thus the only question before us. Neither the stay order itself, nor the February 17, 2006 refusal to reconsider, are properly before us, so we do not consider them.

"[O]ur review of a denial of a motion to reconsider is for abuse of discretion." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir.1993). Reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law," or, perhaps, in some other "highly unusual circumstances." *Id.* at 1263.

We cannot find that Judge Collins abused her discretion in her June 5, 2006 order. There had been no significant developments in the pending Canadian case that might have cast doubt on the propriety of continuing the stay, and there had been no intervening changes of law. Judge Collins' initial order imposing the stay was not manifestly unjust: The existence of Seven Arts' copyright claims, as it concedes, turns on the prior resolution of the contract claims, which would, therefore, have to be heard in this case if not resolved in the Canadian contract action. A federal district court ordered that those claims be heard in Canada. Refusing to reconsider a stay order that preserved the final judgment of a federal court was not an abuse of discretion. We therefore affirm the order.

**AFFIRMED.**