**SEVEN ARTS PICTURES PLC, a English Corporation; Seven Arts Pictures, Inc., a Nevada Corporation, Plaintiffs—Appellants,**

v.

**FIREWORKS ENTERTAINMENT, INC., a Canadian Corporation; Canwest Entertainment International Distribution, an Irish Corporation;**

**Canwest Entertainment, Inc., Canadian Corporation; Contentfilm PLC, an English Corporation, Defendants—Appellees.**

No. 08–55568.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2009.*

Filed May 20, 2009.

See also 244 Fed.Appx. 836.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter Miles Hoffman, Seven Arts Pictures, Hollywood, CA, for Plaintiffs–Appellants.

Bess Blank, Esquire, Silver & Freedman, Jeffrey S. Kravitz, Esquire, Fox Rothschild LLP, Los Angeles, CA, for Defendants–Appellees.

Before: GOODWIN, O'SCANNLAIN and GRABER, Circuit Judges.

### MEMORANDUM **

Seven Arts Pictures PLC and Seven Arts Pictures, Inc. (collectively, "Seven Arts") appeal the district court's dismissal of their case for lack of prosecution.

To the extent that Seven Arts seeks review of the stay order, we lack jurisdiction. *See Seven Arts Pictures PLC v. Fireworks Entm't*, 244 Fed.Appx. 836 (9th Cir.2007) (unpublished decision). Even assuming that we could review the stay order as an interlocutory order which merged into the final judgment, interlocutory orders do not merge into dismissals for failure to prosecute. *See Al–Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996).

As to the dismissal for lack of prosecution, the court did not abuse its discretion. *See Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir.1994). We are satisfied that at least four of the *Eisen* factors favor dismissal. In any event, the court gave several warnings to Seven Arts that failure to prosecute would lead to dismissal. No lesser remedy would have secured Seven Arts' compliance with the court's unappealed order to prosecute the Canadian action.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

